UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

SHERWIN McCARTHY,

                        Plaintiff,

- against -

THE CITY OF NEW YORK, LATAVIA STEELE
LAWRENCE, Shield 3033 , DANIEL PERRINO,
Shield 5106, MARLON SANCHEZ, Shield 23417,
and AZIZ SIDANI, Shield 16347, employees of
the New York City Police Department,

                        Defendants.
----------------------------------------------------------------x

**FIRST AMENDED COMPLAINT**
14 CV 5926 (KAM)(RML)

**Jury Trial Demanded**

      Sherwin McCarthy, by his attorney, the Law Office of Matthew Flamm, alleges the following upon information and belief as his First Amended Complaint:

### Nature of the Action

      1.     This civil rights action arises from the March 8, 2014 arrest and subsequent prosecution of Sherwin McCarthy on false charges of unlawful possession and transport of scrap metal.

### Jurisdiction and Venue

      2.     This action arises under the United States Constitution and 42 U.S.C. §1983.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 and §1343(3).  Plaintiff asserts jurisdiction over the City of New York under 28 U.S.C. §1367.  Plaintiff requests that this Court exercise pendent jurisdiction over those state law claims arising out of the same common nucleus of operative facts as do plaintiff's federal claims.

      3.     Under 28 U.S.C. §1391(b) and (c), venue is proper in the Eastern District of New York because defendant City of New York resides in that judicial District.

Parties

4. Plaintiff Sherwin McCarthy ("plaintiff" or "Mr. McCarthy") is a resident of Kings County in the City and State of New York. Plaintiff is thirty-five years of age, married, and has worked as an electrician for Madison Electric Inc. for the last sixteen years.

5. Defendant CITY OF NEW YORK is a Municipal Corporation within New York State. Pursuant to §431 of its Charter, the City of New York has established and maintains the New York City Department of Police as a constituent department or agency. At all times relevant, the City of New York employed the Police personnel involved in the incident underlying this lawsuit.

6. Defendants LATAVIA STEELE LAWRENCE, Shield 3033, Tax No. 926168, DANIEL PERRINO, Shield 5106, Tax No. 944889, MARLON SANCHEZ, Shield 23417, Tax No. 951199, and AZIZ SIDANI, Shield 16347 (together, the "individual defendants"), were at all times relevant employees acting within the scope of their employment by the City of New York and assigned to the Police Department's 73rd Precinct in Brooklyn, New York.

7. Defendants LAWRENCE and PERRINO are Sergeants who at all relevant times had direct supervisory responsibility over the acts and omissions of their. They are liable for directly participating in the acts described herein, for failure to properly supervise their subordinates or to otherwise take action to remedy the wrong done to Mr. McCarthy.

8. Defendants SANCHEZ and SIDANI are liable for directly participating in the acts described herein and for failure to intervene to prevent or end the misconduct to which Mr. McCarthy was subjected.

9. At all times relevant, the individual defendants were acting under color of state law.

<u>Notice of Claim</u>

10.     On or about July 14, 2014, and within ninety days after claims arose, plaintiff filed a Notice of Claim upon defendant the City of New York, by delivering copies thereof to the person designated by law as a person to whom such claims may be served.

11.     The Notice of Claim was in writing and was sworn to by the plaintiff, and contained the name and post office address of the plaintiff.

12.     The Notice of Claim set out the nature of the claims, the time when, the place where and manner by which the claims arose, and the damage and injuries claimed to have been sustained.

13.     The New York City Comptroller's Office assigned the case claim number 2014PI022781.

14.     At least thirty days have elapsed since the service of the notice of claim, and adjustment or payment of the claim has been neglected or refused.

15.     This action was commenced within one year and ninety days after the happening of the events upon which the claims are based.

<u>Facts Underlying
Plaintiff's Claims for Relief</u>

16.     On March 8, 2014 at approximately 6:30 a.m., Mr. McCarthy was in his automobile and on line waiting to present scrap metal for sale at Gershow Recycling, 1888 Pitkin Avenue in Brooklyn, New York.

17.     At around this time, the individual defendants and other law enforcement personnel appeared at Gershow Recycling in what appeared to be an enforcement action, led by defendants Lawrence and Perrino, targeting the people waiting to sell scrap metal.

18.     Plaintiff and others were relieved by Police Officers of their driver's licenses, and Mr. McCarthy was unlawfully detained, arrested, and thereafter prosecuted under Kings County Docket No. 2014KN034731 on the false charge of

possessing and transporting scrap metal without adequate proof of lawful possession.

19. The individual defendants were not legally authorized to detain or arrest Mr. McCarthy without objective evidence of criminal activity. No such evidence existed.

20. Mr. McCarthy had done nothing unlawful, and the individual defendants had not seen plaintiff do anything unlawful and had no reasonable basis to believe that Mr. McCarthy unlawfully possessed the scrap metal.

21. Sherwin McCarthy was nonetheless handcuffed, placed in a van with more than a dozen others arrested during the operation, and then taken to the 73rd Precinct Stationhouse.

22. At the Stationhouse, the individual defendants prepared or allowed to be prepared false police reports accusing Mr. McCarthy of unlawful possession of the scrap metal.

23. While at the Stationhouse, the individual defendants caused or allowed Mr. McCarthy to be strip searched, that is, he was required to pull his pants and underwear down and to turn around and squat.

24. After being strip searched, photographed, and fingerprinted, Mr. McCarthy was released and required, under threat of issuance of an arrest warrant and of arrest, to appear in Criminal Court to defend against the false charge.

25. The individual defendants caused false statements to be made to the Kings County District Attorney's Office.

26. The misrepresentations caused plaintiff to be prosecuted under Kings County Criminal Court Docket No. 2014KN034731 on the charge of criminal possession and transport of scrap metal (N.Y.C. Ad. Code §10-118(b)), a misdemeanor punishable by up to a five hundred dollar fine and/or imprisonment for up to three months.

27.     On June 2, 2014 and again on June 6, 2014 Mr. McCarthy appeared to defend against the false charge.

28.     On June 6, 2014, the prosecution was dismissed and sealed.

29.     Mr. McCarthy suffered the emotional upset, trauma and humiliation of, among other things, being unlawfully detained, arrested and prosecuted.  His constitutional rights were violated.  He lost two days from work.

30.     The individual defendants' acts and omissions caused the plaintiff to suffer loss of liberty, physical discomfort, mental and emotional upset, and deprivation of his constitutional rights, among other injuries.

31.     The individual defendants, at all times relevant, acted intentionally, willfully, maliciously, negligently, and with reckless disregard for and deliberate indifference to plaintiff's rights and physical and mental well-being.

### FIRST CLAIM FOR RELIEF FOR VIOLATING PLAINTIFF'S RIGHT TO BE FREE FROM UNREASONABLE SEARCHES AND SEIZURES UNDER THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION

32.     Plaintiff repeats the allegations of the foregoing paragraphs as though fully stated herein.

33.     By the actions described above, the individual defendants deprived Mr. McCarthy of his rights secured by the Constitution and laws of the United States in violation of 42 U.S.C. §1983, including, but not limited to his right to be free and secure in his person and his right to be free from arrest or search, except on probable cause or pursuant to warrant.

34.     As a consequence thereof, Sherwin McCarthy has been injured.

### SECOND CLAIM FOR RELIEF FOR MALICIOUS PROSECUTION UNDER THE UNITED STATES CONSTITUTION

35.     Plaintiff repeats the allegations of the foregoing paragraphs as though fully stated herein.

36. By the conduct described herein, the individual defendants are liable to Plaintiff under 42 U.S.C. § 1983 for violating his constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

37. The individual defendants commenced or allowed the commencement of a Criminal Court proceeding against Mr. McCarthy without probable cause and with actual malice. The prosecution caused Mr. McCarthy's liberty to be deprived. The prosecution terminated in Mr. McCarthy's favor.

38. As a consequence thereof, Sherwin McCarthy has been injured.

### THIRD CLAIM FOR RELIEF FOR MALICIOUS PROSECUTION

39. Plaintiff repeats the allegations of the foregoing paragraphs as though fully stated herein.

40. By reason of the foregoing, plaintiff was maliciously and without probable cause subjected to a criminal prosecution, said prosecution ending in a manner not inconsistent with innocence.

41. As a consequence thereof, Sherwin McCarthy has been injured.

### FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS LAWRENCE AND PERRINO FOR IMPROPER SUPERVISION OF THEIR SUBORDINATES

42. Plaintiff repeats the allegations of the foregoing paragraphs as though fully stated herein.

43. At all times relevant, defendants Lawrence and Perrino were Sergeants in the New York City Police Department with direct supervisory authority over and responsibility for the conduct of those under their command and participating in the March 8, 2014 enforcement action.

44. These defendants failed to properly supervise their subordinates or to otherwise take action to remedy the wrong done to the plaintiff. These defendants were grossly negligent in supervising the other individual defendants.

45. As a consequence thereof, Sherwin McCarthy has been injured.

Request for Relief

WHEREFORE, plaintiff respectfully requests that judgment be entered that his rights under the United States Constitution were violated, together with:

(A) Compensatory damages in an amount to be fixed at trial;

(B) By reason of the wanton, willful and malicious character of the conduct complained of herein, punitive damages from the individual defendants in an amount to be fixed at trial;

(C) An award to plaintiff of the costs and disbursements herein;

(D) An award of attorney's fees under 42 U.S.C. §1988; and

(E) Such other and further relief as this Court may deem just and proper.

Dated: January 13, 2015
       Brooklyn, New York

The Law Office of Matthew Flamm
 Attorney for Plaintiff
26 Court Street, Suite 2208
Brooklyn, New York 11242
(718) 797-3117

By: Matthew Flamm